PeaRsox, J.
 

 The case was treated at the bar, as if standing upon an order setting it for hearing upon hill, answer, exhibits, and
 
 replications
 
 to the answers. The transcript does not set forth that
 
 replication
 
 was taken to the answer of the defendant Henry, and, indeed, there is no order setting the cause for hearing.
 

 We presume the parties desire the case to be decided, and
 
 *185
 
 all proper .orders arte to be considered
 
 “ as made.”
 
 It would relieve ns from much perplexity if gentlemen of tlie bar would take tlie trouble to look over tlie transcript, and see that the proper entries are made, before it is sent to this Court. Sometimes clients suffer because counsel neglect this part of their duty, and it always embarrasses the Court if the formal and proper entries are not made.
 

 The bill sets out a clear equity. Poston is considered, in this Court, as a trustee, holding the legal title to the rents and profits for the plaintiff. The defendant Henry
 
 contrives
 
 to get a release from this trustee; in other words, he, with full knowledge of the plaintiff’s equity, induces the defendant Poston to commit a breach of trust, and brings forward, by way of
 
 confession and
 
 amoidance, charges against one Dean, who had acted as his agent, and makes an averment that one Eebecca Poston was entitled to a life estate, and so “ most of the rents and profits, for which the action is brought, belonged to her,” and the balance to one William Poston, or his heirs, if he be dead: none of which matters have any bearing upon the allegation of the bill, that the defendant Henry, by fraud and misinformation induced tlie trustee of the plaintiff to commit a breach of trust,
 
 i. e.,
 
 to execute the release, and discharge Henry from the payment of the rents and profits to which the plaintiff had a clear right.
 

 The other defendant, Poston, admits that he did violate the trust, by releasing the defendant Henry from the payment of rents and profits which the plaintiff, as a purchaser for a full and fair consideration, was entitled to sue for and recover in his name, and avers that he was induced to execute the release by misrepresentation, &c. It is sufficient for us to say, he had no right to execute tlie release; his confederate Henry, with a knowledge of the facts, had no right to ask him to do so, and cannot, in equity and conscience, make use of it.
 

 Pee Cueiam. The injunction must be made perpetual.